■ In the Matter of LAWRENCE PARKER, Petitioner, v WARDEN OF GEORGE R. VIERNO CORRECTIONAL FACILITY et al., Respondents. [898 NYS2d 835]—

Determination of respondent New York City Department of Correction, dated August 21, 2008, which, after a hearing, found

that petitioner inmate violated the disciplinary rule prohibiting possession of contraband (tobacco), and directed that petitioner be detained for 90 days in punitive segregation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Robert E. Torres, J.], entered November 8, 2005), dismissed, without costs.

Contrary to petitioner's contention, his due process rights were not violated because his request for a hearing facilitator was denied and a witness testified outside of his presence. An inmate is entitled to a hearing facilitator only if he is non-English-speaking or sensory-deprived (*see* 7 NYCRR 253.2). Petitioner has made no such showing and, as evidenced by his papers and the hearing, was more than able to understand the charges and the proceedings. A witness is also allowed to testify outside of the petitioner's presence if doing so is necessary for institutional safety or correctional goals (7 NYCRR 253.5 [b]). Here, the record indicates that the witness was unable to testify because he was needed elsewhere. Since the witness's testimony was recorded and made available to petitioner at the hearing, petitioner's due process rights were not violated (*see id.*).

The record reveals that during a search of petitioner's cell, tobacco was discovered in his garbage can. Although the tobacco was discovered when the garbage can was emptied outside of petitioner's cell, a reasonable inference of possession arises from the fact that the contraband was discovered in his garbage can—an item within petitioner's control (*see Matter of Tavarez v New York City Dept. of Correction*, 50 AD3d 251 [2008]). This inference, together with the report and notice of infraction and testimony adduced at the hearing, provides substantial evidence to support the determination (*id.*). Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.